

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

  - against -

MATTHEW SOUCHET,

                Defendant.

------------------------------------X

13 Cr. 894-001 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

      On January 7, 2014, Matthew Souchet ("Souchet" or "Defendant") allocuted to his criminal conduct of felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1).

      For the reasons set forth below, Souchet will be sentenced to 37 months' imprisonment followed by two years' supervised release. A special assessment of $100 is imposed.

**Prior Proceedings**

      Defendant was named in a one-count indictment filed in the Southern District of New York on November 14, 2013. The sole count of the indictment charges that on September 25, 2013,

1

in the Southern District of New York, Matthew Souchet, after having been convicted in the court of a crime punishable by imprisonment for a term exceeding one year, possessed a nine millimeter Ruger semi-automatic pistol, which previously had been shipped and transported in interstate and foreign commerce.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed —

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed

>    educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that document.

On September 25, 2013, between approximately 1:00 a.m. and 2:00 a.m., a police officer ("Officer 1") heard the sound of a gun firing while patrolling on foot in the vicinity of East 138th Street and Cypress Avenue in the Bronx, NY. At that time, Officer 1 noticed two men nearby, and observed one of those men repeatedly fire rounds from a gun. Officer 1 "ducked" for cover and noticed that the shooter appeared to be a thin, Hispanic male of medium height, with hair in a ponytail, wearing a hooded sweatshirt. Once the shooter stopped firing rounds, Officer 1 attempted to pursue the shooter, but the shooter and another male fled north on Cypress Avenue. Officer 1 then radioed for back-up and told any responders to proceed to Cypress Avenue to cut off the fleeing shooter.

In response to the radio request for back up, another police officer ("Officer 2") and a Sergeant drove to Cypress Avenue and came up behind two men walking north on Cypress Avenue towards the intersection of Cypress Avenue and East 141st Street, in the Bronx, NY. One of the two men was later identified as Souchet.

While Officer 2 drove the police car behind the two men, another police car had stopped at the intersection of Cypress Avenue and East 141st Street. Officer 2 then observed Souchet stop, turn his body enough for his face to be visible to Officer 2, and flee from the direction of the police car at the intersection. Officer 2 and the Sergeant then exited their police car and pursued Souchet on foot. While Officer 2 chased Souchet, he observed Souchet drop a metallic object, which appeared to be a gun, and heard the clang of metal hitting concrete as the object landed.

Shortly after Souchet dropped the metallic object, Officer 2 and the Sergeant tackled and arrested him. While the Sergeant secured Souchet, Officer 2 returned to the location where he saw Souchet drop the metallic object and recovered a nine millimeter Ruger semi-automatic pistol.

Officer 1 identified Souchet to the detective as the man that he saw repeatedly firing rounds from a gun.

After speaking to the Sergeant, the detective learned that the firearm was loaded with a bullet in its chamber and three bullets in its magazine, and the gun had the capacity to hold up

5

to fifteen rounds in its magazine and one round in its chamber. Additionally, NYPD officers recovered approximately eleven shell casings and remains from approximately two bullets, from locations around the area where Souchet was seen firing rounds from a gun.

An NYPD ballistics report identified the firearm as a nine millimeter Ruger, Model M95DC, semi-automatic, with its serial number intact. After speaking to an ATF agent who is familiar with the manufacturing of firearms, the detective learned that the nine millimeter Ruger semi-automatic pistol has never been manufactured in New York State. An NYPD stolen firearm inquiry report indicated that the firearm was reported stolen from the Bishopville Police Department in South Carolina.

According to the Government, Souchet repeatedly fired rounds from the nine millimeter Ruger semi-automatic pistol in a densely populated residential neighborhood with innocent bystanders and a police officer nearby, causing about two of those rounds to pierce into and travel through a private apartment at that time inhabited by an elderly couple and their grandchildren.

The detective reviewed criminal history records for Souchet, which showed that he was convicted on November 9, 2007, in Bronx County Supreme Court, of Criminal Possession of a Weapon

6

in the Second Degree, a Class D felony.

Souchet remained in state custody from September 25, 2013 until transferred to federal custody on November 1, 2013.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is ten years. If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2). The Defendant is eligible for not less than one nor more than five years' probation pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine is $250,000 pursuant to 18 U.S.C. § 3571(b). A special assessment of $100 is mandatory pursuant to 18 § U.S.C. 3013.

**The Guidelines**

The November 1, 2013 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

The guideline for 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1, pursuant to which the sole count has a base offense level of 14.

Because the firearm was stolen, the offense level is increased by two levels.  U.S.S.G. § 2K2.1(b)(4).

Because the Defendant possessed a firearm in connection with another felony offense, the offense level is increased by four levels.  U.S.S.G. § 2K2.1(b)(6)(B).

The Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.  Accordingly, the offense level is increased by two levels.  U.S.S.G. § 3C1.2.

The Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty.  Accordingly, the offense level is decreased by three levels.  U.S.S.G. § 3E1.1(a)-(b).

The Total Offense Level is 19.

As outlined below, the Defendant has four adult criminal convictions.

On September 4, 2007, the Defendant was sentenced to 90 days' jail and 5 years' probation for Attempted Criminal Possession of a Weapon in the 2nd Degree in the Bronx County Supreme Court in Bronx, NY. On May 22, 2009, Defendant was found to have violated probation and on August 11, 2009 was resentenced to one year's imprisonment. Pursuant to §§ 4A1.1(a), 4A1.2(e)(1), and 4A1.2(k)(1), this conviction warrants three criminal history points.

On June 8, 2011, the Defendant was sentenced to conditional discharge for Trespass in the Bronx County Criminal Court in Bronx, NY. Pursuant to § 4A1.2(c)(1), this conviction warrants zero criminal history points.

On April 27, 2012, the Defendant was sentenced to a $200 fine for Unlawful Possession of Marijuana in the Bronx County Criminal Court in Bronx, NY. On September 26, 2013, the Defendant was resentenced to time served. Pursuant to §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

On April 18, 2013, the Defendant was sentenced to

conditional discharge for Resisting Arrest in the Bronx County Criminal Court in Bronx, NY. Pursuant to § 4A1.2(c)(1), this conviction warrants zero criminal history points.

The total criminal history score of four. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of four establishes a Criminal History Category of III.

Based upon a Total Offense Level of 19 and a Criminal History Category of III, the guideline range of imprisonment is 37 to 46 months.

The guideline range for a term of supervised release is one year to three years. U.S.S.G. § 5D1.2(a)(2).

The Defendant is eligible for not less than one nor more than five years' probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1).

The fine range for this offense is $6,000 to $60,000. U.S.S.G. § 5E1.2(c)(3)(A)-(B). Cost of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such

fine, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed, shall be considered. U.S.S.G. § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). According to the PSR, the most recent advisory from the Administrative Office of the United States Courts and the Bureau of Prison Facilities provides a daily cost of $79.31, a monthly cost of $2,412.33, and an annual cost of $29,948 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offense, Souchet shall be sentenced to a term of 37 months' imprisonment to be followed by two years' supervised release.

As mandatory conditions of his supervised release, the Defendant shall:

(1) Not commit another federal, state or local crime;

(2) Not illegally possess a controlled substance;

(3) Not possess a firearm or destructive device;

(4) Refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug testing within fifteen days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer;

(5) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions: the Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The Defendant is to report to the nearest Probation Office within 72 hours of release from custody. The Defendant is to be supervised by the district of residence.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

The Defendant has been detained without bail since his arrest. He is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

New York, NY
September 17, 2014

_____
ROBERT W. SWEET
U.S.D.J.

14