

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 24, 2014

**BY ECF AND BY HAND**
The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>United States</u> v. <u>Matthew Souchet</u>, 13 Cr. 894 (RWS)

Dear Judge Sweet:

    The defendant is scheduled to be sentenced on October 30, 2014 for violating Title 18, United States Code, Section 922(g)(1) by possessing a firearm following a felony conviction for attempted criminal possession of a weapon. On the date of his arrest in this case, the defendant recklessly fired multiple rounds from a stolen semi-automatic pistol — in a densely populated neighborhood with innocent bystanders and a police officer nearby — causing approximately two of those rounds to pierce into a private apartment while an elderly couple and their grandchildren were inside. The defendant also dropped the pistol with a bullet loaded in the chamber as he made an unsuccessful attempt to flee from police. Under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the sentencing range applicable to the defendant's offense is 37 to 46 months of imprisonment. For the reasons set forth below, the Government respectfully submits that the defendant should be sentenced at the high end of the applicable sentencing Guidelines range of 37 to 46 months of imprisonment.

## FACTS

### A. The Offense Conduct

    On or about September 25, 2013, an individual — later identified as the defendant — repeatedly fired round after round from a stolen Ruger semi-automatic pistol in a densely populated residential neighborhood in the Bronx with innocent bystanders and a police officer nearby. (Complaint 13 Mag. 2553 ("Compl.") ¶¶ 3-4, 6; Pre-Sentence Investigation Report dated May 8, 2014 ("PSR") ¶¶ 7-11, 14-15.) Two of the bullets fired from the defendant's pistol pierced into and travelled through a private apartment while an elderly couple and their grandchildren were inside. (PSR ¶ 15.) After firing approximately eleven rounds from the pistol, the defendant fled north. (Compl. ¶¶ 3-4, 6; PSR ¶¶ 7-11, 14-15.) After seeing a police car, the defendant ran from the police, and dropped the pistol — with a bullet loaded in the chamber and three bullets in its magazine — before being arrested. (Compl. ¶¶ 4-6; PSR ¶¶ 7-

11, 14-15.) Police later determined that the pistol was reported stolen from the Bishopville Police Department in South Carolina.

At the time of the instant offense, the defendant was prohibited from possessing a firearm because he had previously been convicted of a felony. (Compl. ¶ 12; PSR ¶¶ 13, 32.) In particular, in 2007, the defendant was convicted, in Bronx County Supreme Court, of attempted criminal possession of a weapon in the second degree, a felony offense, as a result of his arrest for possession of two firearms. (PSR ¶ 32.)

### B. Criminal History

At only 25 years in age, the defendant has amassed a substantial criminal history reflecting a pattern of illegal possession of firearms and other serious misconduct. As noted above, in 2007, when the defendant was 18 years old, he was arrested after he was found in possession of two firearms inside of an apartment in the Bronx, resulting in his felony conviction for attempted criminal possession of a weapon in the second degree. (PSR ¶ 32.) For this offense, the defendant was initially sentenced in Bronx County Supreme Court to 90 days of imprisonment followed by five years of probation. (*Id.*) Because the defendant violated his probation, he was resentenced to one year of imprisonment. (*Id.*) Since his release from prison for that weapon offense, the defendant was convicted in Bronx County Criminal Court of trespass in 2011, unlawful possession of marijuana in 2012, and resisting arrest in 2013. (PSR ¶¶ 33-35.) As a reflection of the defendant's substantial criminal history, the defendant's criminal history category under the Guidelines is III, one of the more serious criminal history categories.

### C. The Guidelines Calculations

In the PSR, the Probation Department has calculated that the defendant has a total offense level of 19 and a criminal history category of III under the Guidelines, yielding a Guidelines sentencing range of 37 to 46 months of imprisonment. (PSR ¶¶ 20-30, 36-37, 70.) The Court has agreed with these calculations in its Sentencing Opinion dated September 17, 2014 (ECF Docket No. 19), and neither the Government nor the defendant has objected to these calculations. Accordingly, the Guidelines sentencing range applicable to the defendant's crime is 37 to 46 months of imprisonment (the "Guidelines Range").

### DISCUSSION

Based on the sentencing factors that courts must consider under 18 U.S.C. § 3553(a), a sentence at the high end of the Guidelines Range is appropriate in this case. The Section 3553(a) factors applicable here include the need for the sentence imposed to reflect the seriousness of the defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the

public from further crimes by the defendant.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).  These considerations weigh heavily in favor of a sentence at the high end of the Guidelines Range.

    *First*, a sentence at the high end of the Guidelines Range is necessary to reflect the seriousness of the defendant's offense, to promote respect for the law, and to provide just punishment.  *See* 18 U.S.C. § 3553(a)(2)(A).  The criminal statute the defendant knowingly violated — Title 18, United States Code, Section 922(g)(1) — reflects Congress' desire to prohibit felons from possessing firearms in order to minimize the dangers they pose to others.  In brazen violation of this law, the defendant put lives at risk by recklessly firing a total of about eleven rounds from a pistol, in a packed residential neighborhood with innocent bystanders and a police officer nearby.  The defendant, for example, risked killing an elderly couple and their grandchildren who were inside an apartment that was pierced by two of the bullets fired from the defendant's pistol.  The defendant also could have caused the pistol to discharge at police when he dropped the pistol — with a bullet loaded in the chamber — as he made an unsuccessful attempt to flee from police.  Further, the defendant's pistol must have been illegally obtained as it was stolen from a police department in South Carolina.  The defendant's misconduct reflects his flagrant disregard for the safety of others and for the law, and should be punished accordingly with a sentenced at the high end of the Guidelines Range.

    *Second*, a sentence at the high end of the Guidelines Range is necessary to afford adequate deterrence to the defendant and others similarly situated.  *See* 18 U.S.C. § 3553(a)(2)(B).  Despite multiple prior convictions — including a felony conviction arising from his arrest for possession of two firearms — the defendant nonetheless reoffended by haphazardly firing a gun in a crowded neighborhood.  As such, it is obvious that the prior punishments imposed on the defendant have not been severe enough to deter him from continuing to possess and abuse firearms and break the law.  A sentence at the high end of the Guidelines Range is warranted to deter the defendant from once again committing shootings with firearms after being released, and to deter other similarly situated individuals from engaging in such misconduct.

    *Third*, a sentence at the high end of the Guidelines Range is necessary to protect the public from further crimes of the defendant.  At only 25 years in age, the defendant has amassed a substantial criminal record reflecting a pattern of illegal possession of firearms and other breaches of the law.   Over the course of his career as a criminal, the defendant's misconduct has escalated from a felony conviction based on his possession of two guns at the age of 18, to his current conviction for wantonly firing multiple rounds from a gun in a packed residential neighborhood with innocent bystanders and a police officer nearby.  A sentence at the high end of the Guidelines Range will prevent the defendant from resuming his streak of reckless behavior for at least a few years.

    The Court has indicated a preliminary inclination to give the defendant a sentence at the bottom of the Guidelines Range.  Such a sentence would not be sufficient to meet the goals of sentencing enumerated by Congress in Section 3553(a).  A bottom of the Guidelines sentence would

devalue the lives of the elderly couple and grandchildren whom the defendant put at risk by firing bullets into their home, and belittle the danger faced by the police officer who was nearby as the defendant recklessly fired about eleven rounds from his gun.  Moreover, given that this defendant was previously punished with a year in prison for a felony conviction based on possession of guns and nonetheless reoffended in this case by haphazardly firing a gun in a crowded neighborhood, a bottom of the Guidelines sentence would be too lenient to discourage this defendant and others like him from committing further crimes involving the abuse of dangerous firearms.  On balance, the Section 3553(a) sentencing factors weigh in favor of a sentence at the high end of the Guidelines Range to reflect the seriousness of the defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to this defendant and other similarly situated individuals, and to protect the public from further crimes by the defendant.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the defendant should be sentenced at the high end of the applicable Guidelines range.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Samson Enzer
Assistant United States Attorney
(212) 637-2342

cc:  Christopher Flood, Esq.

3.31.08